**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

MOBILITY IP HOLDING, LLC,

        Plaintiff,

        v.

PARA MOBILITY PTY LTD.,

        Defendant.

_____

Civil Action No.  3:26-cv-1456 (FJS/ML)

**COMPLAINT**

Plaintiff Mobility IP Holding, LLC ("Plaintiff"), by its counsel, Harris Beach Murtha Cullina, PLLC, alleges as follows:

1.      Plaintiff is a limited liability company organized under the laws of the State of New York, doing business as Access Unlimited, with a principal place of business in Binghamton, New York.

2.      Defendant Para Mobility Pty Ltd. ("Defendant") is an Australian corporation located at Unit 31, 276 New Line Road, Dural, NSW 2158, Australia.

3.      This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq.

4.      Plaintiff owns by assignment all right, title and interest in U.S. Patent Nos. 9,863,577 ("the '577 patent") and 10,125,920 ("the '920 patent") (collectively, the "Asserted Patents"), which are annexed to this Complaint as (**Exhibits A and B**), respectively.

5.      The Asserted Patents relate to apparatus for supporting lift mechanisms from vehicle door hinges.

6.    Defendant has infringed and continues to infringe at least Claim 3 of each of the Asserted Patents under 35 U.S.C. § 271(a) by importing into the United States, offering for sale directed to U.S. customers, sales to U.S. customers directly or through dealers, and uses by U.S. customers where Defendant directs or facilitates the infringing configuration of the IBIS Wheelchair to Car Access Support ("IBIS Product" or "Accused Product"). An exemplary claim chart is annexed hereto as (**Exhibit C**).

7.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq.

8.    This Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(1)(A), New York's long-arm statute, CPLR § 302(a), and the Due Process Clause. Defendant has purposefully directed its infringing activities toward New York by marketing, offering for sale, selling, distributing, and supporting the Accused Product through interactive commercial channels available to New York customers.

9.    Defendant transacts business in New York under CPLR § 302(a)(1) by operating an interactive, commercial website accessible at https://www.paramobility.com/ and a U.S.-targeted subpage at https://www.paramobility.com/us-eng/ (the "U.S. Site"), through which Defendant markets, offers for sale, and facilitates purchases of the Accused Product to customers in the United States, including New York.

10.    Defendant expressly targets U.S. customers, including those in New York, by:

(a) maintaining a dedicated U.S.-specific webpage listing the Accused Product (https://www.paramobility.com/us-eng/ibis-wheelchair-to-car-access/) a printout

of which is annexed hereto as (**Exhibit D**);

(b) operating a U.S. online store that advertises the Accused Product for sale in U.S. dollars, lists the product at $6,895, includes an "Add to Cart" purchasing function, and allows customers to input a shipping address in New York (**Exhibit E**) (https://www.paramobility.com/us-eng/product/ibis-wheelchair-to-car-access/);

(c) advertising and promoting the Accused Product for use in the United States (**Exhibit D**);

(d) providing a U.S.-based toll-free telephone number for sales and support (**Exhibit E**); and

(e) directing product information, marketing materials, and installation instructions to U.S. consumers.

11.     On information and belief, Defendant has sold, offered to sell, and/or facilitated the sale of the Accused Product to customers in New York through these channels.

12.     Defendant further markets, distributes, offers for sale, and/or facilitates sales of the Accused Product through U.S.-facing retailers and dealers, including Mediriser, SpinLife, Med Mart, and DME Superstore.

13.     Mediriser, for example, identifies itself as a "Certified Authorized Dealer" of the Accused Product, provides an online "Add to cart" purchase mechanism, offers financing, advertises free shipping in the United States, and provides a U.S. customer support phone number for the Accused Product.

14.     SpinLife, for example, advertises the Accused Product for sale in the United States, provides an online "Add to Cart" purchase mechanism, lists the product at $6,895, and advertises free shipping in the United States.

15.     Plaintiff's claims arise, upon information and belief, directly from Defendant's business transactions in New York, including Defendant's offering for sale, sale, importation, and distribution of the Accused Product into this District.

16.     Defendant has committed tortious acts outside New York, including acts of patent infringement and inducement of infringement under CPLR § 302(a)(3), that have caused injury to Plaintiff within New York.

17.     Plaintiff licenses the '577 Patent and the '920 Patent to Access Unlimited from Binghamton, New York, and has suffered economic injury in New York, including lost sales, lost profits, price erosion, diverted customers, harm to goodwill, and/or loss of market share, as a direct and proximate result of Defendant's infringing conduct.

18.     Defendant expected or should reasonably have expected its acts to have consequences in New York because it intentionally targets the United States market, including New York, through its U.S.-specific website, online sales channels, U.S.-facing retail and dealer channels, marketing of the Accused Product, and U.S.-directed product support and instructions, and because it made the Accused Product available for purchase by U.S. customers throughout the United States, including New York.

19.     Defendant derives substantial revenue from interstate and international commerce, including from sales of the accused products into the United States.

20. Defendant has purposefully directed its activities toward New York and the United States by targeting U.S. consumers through its interactive commercial website and sales channels.

21. Defendant's website is not passive but enables transactions, advertises the accused product, and provides customer support to U.S. consumers, including residents of New York.

22. Plaintiff's claims arise out of and relate to Defendant's contacts with New York.

23. The exercise of jurisdiction is fair and reasonable, and Defendant should reasonably anticipate being haled into court in this District.

24. **Inducement-Based Contacts.** Defendant further directs activities toward New York by providing instructions, guides, and promotional materials that instruct customers to use the Accused Product in an infringing manner, including positioning the hook behind a vehicle hinge (**Exhibit F**).

25. On information and belief, Defendant has induced customers, distributors, and end-users in New York to use the Accused Product in an infringing manner.

26. In the alternative, this Court has personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(2). Plaintiff's claims arise under federal patent law; Defendant is a foreign corporation; Defendant has purposefully directed infringing activities toward the United States as a whole, including through its U.S.-facing website, U.S. online store, U.S. toll-free number, U.S. dealer and retail channels, and U.S.-directed instructions and support; and the exercise of jurisdiction is consistent with the United States Constitution and laws.

27.     Venue is proper in this District under 28 U.S.C. § 1400(b).

28.     Defendant is a foreign entity and may be sued in any judicial district under 28 U.S.C. § 1391(c)(3).

29.     Defendant has committed acts of infringement in this District, including offering for sale and selling the Accused Products to customers in New York through its U.S.-targeted website and inducing infringement within this District.

30.     The Accused Product includes a primary support member in the form of a vertical or adjustable upright positioned between vehicle door hinges.

31.     The Accused Product further includes a secondary support member extending outwardly from the primary member, including a horizontal arm with a hook configured to engage a vehicle door hinge.

32.     The Accused Product further includes engagement structures, including pins or lugs on an opposite side of the primary support member, configured to receive and support a lift mechanism.

33.     The hook portion of the Accused Product extends upwardly and is positioned to rest on the back of a vehicle door hinge, satisfying Claim 3 of each asserted patent.

34.     Defendant's own instructions direct users to assemble and position the device in this infringing configuration.

35.     Defendant also induces infringement under 35 U.S.C. § 271(b) by instructing customers to assemble and use the Accused Product in an infringing manner with knowledge of the Asserted Patents, knowledge that the instructed use infringes, abd specific intent to encourage infringing use. See (**Exhibit F**).

36.     Defendant contributes to infringement under 35 U.S.C. § 271(c) by supplying the Accused Product or relevant components and kits that are a material part of the invention, especially made or adapted for use in the infringing system and not staple articles suitable for substantial non-infringing use.

37.     Plaintiff has provided Defendant with actual notice of infringement of the '577 patent and the '920 patent by the Accused Product to Defendant by letter at least as early as October 2025.  Consequently, Defendant has had knowledge of its infringement and thereafter continued its infringing activities, including the instruction of actual and potential customers within the United States in the sale and use of the accused devices.

38.     At all relevant times, Plaintiff has provided constructive notice of the Asserted Patents in accordance with 35 U.S.C. § 287(a) by consistently and substantially marking products embodying the claimed inventions with the applicable U.S. Patent numbers, including U.S. Patent Nos. 9,863,577 and 10,125,920. Plaintiff's marked products have been distributed in commerce with such patent markings such that Defendant and others in the industry were placed on notice of Plaintiff's patent rights. Accordingly, Plaintiff is entitled to recover damages for infringement occurring prior to Defendant's actual notice.

39.     Defendant's infringement has been and continues to be willful. At least as early as October 2025, Defendant had actual knowledge of the Asserted Patents and its infringing conduct through written notice identifying the patents, the Accused product, and Plaintiff's infringement allegations and demand to cease such activities. Despite this knowledge, Defendant has deliberately and knowingly continued to import, market, offer for sale, and sell the Accused Product in the United States, and has continued to instruct

others to assemble and use the product in an infringing manner. Defendant's conduct reflects a conscious disregard for Plaintiff's patent rights and constitutes egregious infringement warranting enhanced damages under 35 U.S.C. § 284.

40.    As a direct and proximate result of Defendant's infringement, Plaintiff has suffered and continues to suffer substantial monetary damages, including lost sales, lost profits, price erosion, and harm to its competitive position. In addition, Defendant's unlawful conduct has caused and will continue to cause irreparable harm to Plaintiff that cannot be fully compensated by monetary damages alone, including loss of market share, loss of customer relationships and goodwill, and diminished exclusivity of the patented technology. Unless Defendant's infringing activities are enjoined, Plaintiff will continue to suffer such irreparable harm.

WHEREFORE, Plaintiff requests judgment that Defendant infringed the patents, damages adequate to compensate under 35 U.S.C. § 284, pre- and post-judgment interest, enhanced damages for willfulness, accounting for post-filing infringement, permanent injunctive relief, a determination that this is an exceptional case and an award of attorneys' fees under § 285, costs, and such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**HARRIS BEACH
MURTHA CULLINA, PLLC**

Dated: July 29, 2026          By:     */s/James R. Muldoon*
James R. Muldoon (Bar Roll No. 506772)
333 W. Washington St., Suite 200
Syracuse, New York 13202
Telephone:  (315) 214-2021
jmuldoon@harrisbeachmurtha.com